## PATRICK SHEAHAN, Respondent, *v.* MICHAEL SHANA-HAN, Appellant.

*Cause of action — tort — contract. .*

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The defendant claimed that the judgment in this action was erroneously recovered, because the complaint was for a wrongful conversion of property, while the cause of action established by the evidence was on contract.

It was alleged in the complaint, that the plaintiff, at the defendant's request, delivered to him passage tickets and drafts in blank, to be filled up by him and sold, for which he agreed to make full and correct returns of such as should be sold by him, with the moneys arising from the sales, after deducting his commissions; that in pursuance of the agreement, the defendant sold a large number of the tickets and drafts, and accounted for them to the plaintiff; that he afterward sold and disposed of other tickets and drafts, for which he failed, neglected and refused to account, and wrongfully converted the moneys arising therefrom to his own use, and neglected and refused to pay over the moneys arising from such sales, though often requested to do so. The General Term *held*, that the foundation of the claim made by the plaintiff was an express contract, alleged in direct terms to have been made between himself and the defendant; and although the breach of it was alleged in terms characterizing the defendant's failure to perform, as wrongful, it was still no more than a non-performance of the agreement alleged to have been made; and that the allegation that he had wrongfully violated the agreement made, and had converted the proceeds, which he should have accounted for and paid over to the plaintiff, did not change the action from one on contract to one for tort. (*Austin* v. *Rawdon*, 44 N. Y., 63; *Conaughty* v. *Nichols*, 42 id., 83.)

*A. T. Payne*, for appellant. *S. L. Rood*, for respondent.

Opinion by Daniels, J. Davis, P. J., concurred.

BRADY, J., concurred, holding that the plaintiff had the right to waive the tort, and that he did so by the form of the action brought by him.

Judgment affirmed.